UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DANNY J. SOLTIS and** * | **CIVIL ACTION NO.:** |
| **CHRISTINE N. SOLTIS** * | |
| * | |
| **VERSUS** * | **JUDGE:** |
| * | |
| **OLD REPUBLIC INSURANCE COMPANY,** * | |
| **MISSIONARY CATECHISTS OF THE** * | **MAGISTRATE:** |
| **SACRED HEARTS OF JESUS & MARY,** * | |
| **CHRISTIAN BROTHERS RISK POOLING** * | |
| **TRUST, SR. ARACELY L. RODRIGUEZ and** * | |
| **ALLSTATE INSURANCE COMPANY** * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**NOTICE OF REMOVAL OF CIVIL ACTION**
**UNDER 28 U.S.C. § 1441 (b) DIVERSITY JURISDICTION**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that Defendants, Missionary Catechists of the Sacred Hearts of Jesus & Mary (sometimes referred to as "Missionary Catechists") and Sister Aracely L. Rodriguez, with full reservations of any and all exceptions, rights, defenses, and objections, hereby gives notice of the removal to this Court of the State Court Action described and, in support, states as follows:

**BACKGROUND**

1.

The Religious and Charitable Risk Pooling Trust of the Brothers of the Christian Schools and Affiliates (referred to by the Petition for Damages and sometimes herein as "Christian Brothers Risk Pooling Trust"), Old Republic Insurance Company, Missionary Catechist of the Sacred Hearts of Jesus & Mary, Sr. Aracely L. Rodriguez, and Allstate Insurance Company were named as defendants in a civil action commenced on November 10, 2022 in the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana, entitled *Danny J. Soltis and*

1

*Christine N. Soltis v. Old Republic Insurance Company, Missionary Catechist of the Sacred Hearts of Jesus & Mary, Christian Brothers Risk Pooling Trust, Sr. Aracely L. Rodriguez, and Allstate Insurance Company* Case No. 195158, Division B.

2.

Attached hereto as Exhibit "A" is a copy of plaintiff's Petition for Damages. Defendant will file a copy of all process, pleadings, notices, and orders filed in the state court proceeding after removal in accordance with Local Rule 3.2.

3.

Plaintiffs, Danny Soltis and Christine Soltis, claim in their Petition for Damages that on or about November 22, 2021, Christine Soltis was a guest passenger in the vehicle driven by Danny Soltis when the vehicle operated by Sr. Rodriguez crashed into plaintiffs' vehicle at the intersection of Shady Arbors Circle and West Tunnel Blvd./LA Hwy. 3040 in Houma, Terrebonne Parish, Louisiana.[1] Plaintiffs contend that the accident at issue was caused by the negligence of Sr. Rodriguez and resulted in injuries.[2]

4.

Plaintiffs further allege that Missionary Catechists of the Sacred Hearts of Jesus & Mary was negligent in hiring, entrusting, and supervising Sr. Rodriguez.[3] Plaintiffs further allege Old Republic Insurance Company and/or Christian Brothers Risk Pooling Trust provided liability insurance coverage for Sr. Rodriguez and/or Missionary Catechists of the Sacred Hearts of Jesus & Mary.[4]

---

[1] *See* Exhibit A, Plaintiff's Petition for Damages, para. 3-6.
[2] *See id.*, para. 7-8.
[3] *See id.*, para. 9.
[4] *Id.* at para 10.

## **DIVERSITY OF CITIZENSHIP**

5.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon diversity of citizenship.

6.

Upon information and belief, plaintiffs, Danny J. Soltis and Christine N. Soltis, are residents, domiciliaries, and citizens of Terrebonne Parish, State of Louisiana, both at the time of filing of this suit and at the time of removal.[5]

7.

Sr. Rodriguez is domiciled in the State of Texas both at the time of the filing of this suit and at the time of removal; therefore, she is a citizen of Texas. The Missionary Catechists of the Sacred Hearts of Jesus & Mary is a religious nonprofit corporation registered in the State of Texas with its nerve center or principal place of organization in the State of Texas, so that it is a citizen of the State of Texas. The Religious and Charitable Risk Pooling Trust of the Brothers of the Christian Schools and Affiliates is a trust formed pursuant to the laws of the State of Illinois and managed by Christian Brothers Services, which is an Illinois non-profit corporation with its principal place of business in Illinois; therefore, it is a citizen of Illinois. Old Republic Insurance Company is a Pennsylvania corporation with its principal place of business in Pennsylvania, so it is a citizen of Pennsylvania. Upon information and belief, Allstate Insurance Company is an Illinois corporation with its principal place of business in Illinois, so that it is a citizen of Illinois.

8.

Considering the foregoing, all plaintiffs are diverse in citizenship from all defendants.

---

[5] *See id.* at preamble.

## AMOUNT IN CONTROVERSY

10.

Although defendants deny liability to plaintiffs, upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. In the Petition for Damages, both plaintiffs allege injuries to the neck, back, arms, legs, and extremities; both plaintiffs allege damages of past and future physical pain, past and future mental anguish, past and future, loss of enjoyment of life; loss of consortium, impairment, past and future medical expenses, and property damage.[6]

11.

According to medical records provided by plaintiffs' attorney, Danny Soltis has been treating for neck pain radiating into the upper extremity(ies) with numbness and tingling and back pain radiating into the lower extremity for over a year. Southeast Neuroscience records indicate evidence of L5-S1 radicular disease: "significant osteophytic changes and neuroforaminal changes with stenosis contributing to a risk for radicular disease. These changes are degenerative in nature, but because of their very presence, he was predisposed to traumatic radiculopathy." Danny Soltis has undergone at least one lumbar epidural steroid injection. His medical billing records in undersigned's possession are difficult to decipher, but it seems his total related medical bills are approximately $12,000; it is likely undersigned is not in possession of Danny Soltis's complete medical records. Plaintiffs with similar treatment have been awarded general damages in excess of the threshold amount of $75,000.00.[7]

---

[6] *See id.*, para. 15-17.

[7] *See Fox v. Anderson*, 05-934 (La.App. 3 Cir. 3/1/06), 924 So.2d 399 (where plaintiff who suffered, at the very least, an aggravation to a prior back condition for which he underwent physical therapy and lumbar injections, was awarded $175,000); *Davis v. State of Louisiana*, 95-2618 (La.App. 4 Cir. 6/5/96), 675 So.2d 1227 (where plaintiff with questionable herniated lumbar and cervical discs was awarded $200,000 in general damages); *Rico v. Sewerage and Water Bd. of New Orleans*, 2004-2006 (La.App. 4 Cir. 3/8/06) 929 So.2d 143 (where Fourth Circuit upheld award of $150,000 for cervical injury with continued ongoing pain).

12.

According to medical records from plaintiffs' attorney, Christine Soltis has been complaining of and treating for neck pain and spasms and back and foot pain; a March 9, 2022 EMG study indicated "acute and chronic lumbar radicular finings right > left at the L4-L5-S1 levels." Plaintiff's 4/29/22 cervical MRI revealed mild bilateral neural foraminal narrowing at C6-7 and mild right neural foraminal narrowing at C4-5, the latter of which was not noted previously. A 4/29/22 lumbar MRI revealed mild bilateral neural foraminal narrowing at L4-5 and L5-S1 and mild anterior spondylosis.

13.

A defendant shows, by preponderance of the evidence, that the jurisdictional amount under 28 U.S.C. § 1332 is met in either of two ways: 1) when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75,000.00 or 2) when a defendant can show through supporting, summary judgment-type evidence that the plaintiff's claims are likely to exceed $75,000.00.[8]

14.

When there are multiple plaintiffs, only one plaintiff's claims must independently exceed the jurisdictional amount of $75,000.00 for original jurisdiction under 28 U.S.C. § 1332 to exist.[9]

15.

Further, the Petition for Damages does not state that there is a lack of jurisdiction in the United States District Court, as it is required to do under Louisiana Code of Civil Procedure article

---

[8] *See Allen R. & H Oil & Gas Co.,* 63 F.3d 1335 (5th Cir. 1995); *Riley v. Wal-Mart Louisiana, LLC*, 15-5729, 2015 WL 9268160 (E.D. La. 12/21/15); *Davis v. State Farm Fire & Cas. Co.*, 06-560, 2006 WL 1581272 (E.D. La. 6/7/06); *Dautriel, et al v. Colgan Air Inc., et al,* 07-CV-1735, 2008 WL 652149 (W.D. La. 1/15/08).

[9] *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558-59 (2005) ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, …, has original jurisdiction over that claim."); *Zarate v. Guillory*, 2016 WL 2996899, at *7 (E.D. La. 5/25/16).

893, if federal court jurisdiction is lacking. In fact, plaintiffs' attorney advised undersigned that each of plaintiffs' claims are worth more than $75,000, exclusive of costs and interest.[10]

16.

Based on the above, defendants submit that it is readily apparent from the face of the Petition for Damages and the information known regarding plaintiff's treatment that plaintiff's alleged damages, if proven as a matter of law and fact, would exceed the sum of $75,000.00, and plaintiff cannot show that he is legally certain not to be able to recover that amount.

17.

As Danny Soltis's claims exceed $75,000.00, the court may exercise supplemental jurisdiction over Christine Soltis's claims pursuant to 28 U.S.C. § 1367, "which authorizes a court to exercise supplemental jurisdiction over the claims of other plaintiffs in the same case or controversy, even if those claims are for less than the requisite jurisdictional amount."[11] Christine Soltis's claim is against the same defendants and arises from the same car accident as Mr. Danny Soltis's claim. Furthermore, Christine Soltis alleges loss of consortium, household services, and society[12] Christine Soltis's loss of consortium claim is derivative of and closely related to her husband's personal injury claim, so that they form part of the same case or controversy.[13]

---

[10] *See* Exhibit B, email from plaintiffs' attorney.
[11] *Zarate v. Guillory*, 2016 WL 2996899, at *7 (E.D. La. 5/25/16).
[12] *See* Exhibit A, Plaintiff's Petition for Damages, para. 17.
[13] *See Booty v. Shoney's Inc.*, 872 F.Supp. 1524, 1527 (E.D. La. 1/11/95) (where this Court exercised supplemental jurisdiction over husband's derivative loss of consortium claim as it was closely related to wife's claim for personal injuries, even though it did not meet amount in controversy requirement); *Daigle v. Borden Chemical, Inc.*, 2003 WL 22671726, at *3 (E.D. La. 11/7/03) (where wife's loss of consortium claim was found to be derivative of and closely related to her husband's personal injury claim, supplemental jurisdiction was appropriate and wife's claim need not meet the amount in controversy requirement).

**REMOVAL IS PROPER**

18.

Missionary Catechists and Sr. Rodriguez were served with the Petition for Damages via certified mail on January 25, 2023. Attached hereto as Exhibit "C" is a copy of all process, pleadings, and orders served upon Missionary Catechists as required by 28 U.S.C. § 1446 (a); undersigned will supplement the record upon receipt of the documents served on Sister Rodriguez, as undersigned is awaiting a copy from his client now.

19.

This Notice is timely filed within thirty (30) days after the first service or notice on Missionary Catechists and Sr. Rodriguez of the pleading setting forth the claims for relief and filed within one (1) year of the filing of the Petition for Damages in compliance with 28 U.S.C. § 1446 (b). Regardless of when other defendants were served, Missionary Catechists and Sr. Rodriguez have until 30 days after they received service to file a notice of removal, as stated in 28 U.S.C. § 1446(b)(2)(B): "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."

20.

28 U.S.C. § 1446(b)(2)(C) provides: "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." All other defendants—*i.e.*, Allstate Insurance Company, Old Republic Insurance Company, and Christian Brothers Risk Pooling Trust—consented to removal of this suit to federal district court for the Eastern District of Louisiana, in satisfaction of 28 U.S.C. § 1446(b)(2)(A) and 28 U.S.C. § 1446(b)(2)(C). Attached hereto as Exhibit "D" is an email from Allstate Insurance

Company's counsel of record wherein he conveys Allstate Insurance Company's consent to removal of this matter to federal court. Undersigned represents all other defendants, all of whom have consented to removal.

21.

The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Terrebonne, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. §1441 (a).

22.

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a) in that this is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, which is derived from the characterization of damages and claims of Danny Soltis cited above in the Petition for Damages and in the medical records and assertions made by plaintiffs' attorney, and the suit is between citizens of different states. This Court has supplemental jurisdiction over Christine Soltis's claims pursuant to 28 U.S.C. § 1367, as her claims form part of the same case or controversy; thus, this suit is removable pursuant to 28 U.S.C. § 1441, *et seq*.

23.

Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

24.

Promptly after the filing of this Notice of Removal to the United States District Court for the Eastern District of Louisiana, a copy of this Notice will be filed with the Clerk of aforesaid State Court to effect the removal of this civil action to the United States District Court, Eastern District of Louisiana, as provided by law.

**WHEREFORE**, the above premises considered, Defendants, Missionary Catechists and Sr. Rodriguez, pray that Civil Action No. 2017-10825, pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed to this Court for trial and determination; that all further proceedings in the State Court be stayed; and that this Defendant has additional and further relief to which it may be entitled.

Respectfully submitted,

*/s/ Travis L. Garrison*_____
LYON H. GARRISON, Bar No. 19591
TRAVIS L. GARRISON, Bar No. 33845, T.A.
GARRISON, YOUNT, FORTE & MULCAHY, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
tgarrison@garrisonyount.com
*Counsel for Defendants, Missionary Catechists of the Sacred Hearts of Jesus & Mary, and Sister Aracely L. Rodriguez*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February, 2023, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic system and by depositing same in the United States Mail, postage prepaid, and/or facsimile and/or e-mail transmission of this date.

*/s/ Travis L. Garrison*_____
TRAVIS L. GARRISON, Bar No. 33845